PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE ROANE, | ) | |
| | ) | CASE NO. 4:14CV1779 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHRISTOPHER J. LAROSE, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 4] |

*Pro Se* Plaintiff Terrance Roane filed this action under 42 U.S.C. § 1983 against Trumbull Correctional Institution ("TCI")Warden Christopher J. LaRose, TCI Sergeant B. Rehgetti, and Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr. In the Complaint (ECF No. 1), Plaintiff alleges he was placed in a cell with a rival gang member. He seeks monetary relief.

On November 7, 2014, Plaintiff filed a Motion for Leave to Amend Complaint (ECF No. 4) to clarify that Defendant B. Rehgetti is actually Beverly Rehgetti. For good cause shown, the motion is granted.

**I. Background**

Plaintiff contends that while incarcerated at TCI, he was housed in cell block 15 east, cell 120." Plaintiff's Declaration (ECF No. 3-1) at PageID #: 23. In early April 2014, Sergeant Rehgetti informed Plaintiff that he would be moving into cell 107 with inmate Ivoree Tinsley. ECF No. 1 at PageID #: 3;ECF No. 3-1 at PageID #: 23. Plaintiff contends he expressed to

(4:14CV1779)

Rehgetti that he and Tinsley "did not get along with each other, and that [he] did not feel safe being cellmates with Mr. Tinsley." He then asked Rehgetti if she could move him to the top range on cell block 15 east "because [he] didn't get along with inmates on the bottom range." ECF No. 3-1 at PageID #: 23. Plaintiff indicates in his pleading that Tinsley was a member of a rival gang. He alleges Rehgetti denied his request to be moved, stating they could fight if Plaintiff wanted to be moved to another cell. ECF No. 1 at PageID #: 3. He claims that on April 13, 2014, a group fight broke out between the two rival gangs. Plaintiff contends that after the fight broke up, he was placed back in the cell with Tinsley. ECF No. 1 at PageID #: 4. He alleges he and Tinsley engaged in a physical altercation during which he was struck with a combination lock, hit with fists, and kicked. Plaintiff states he also suffered a bite to his left shoulder. He claims his initial request to Rehgetti was an attempt to avoid a confrontation with Tinsley. ECF No. 3-1 at PageID #: 24. Plaintiff requests damages in the amount of $250,000 "for [his] forced troubles." ECF No. 1 at PageID #: 5.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest

2

(4:14CV1779)

which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

3

(4:14CV1779)

### III.  Law and Analysis

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Id.*  Seriousness is measured in response to "contemporary standards of decency."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.  *Id.* at 9.  A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id.*  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

(4:14CV1779)

Prison officials can be held liable for an Eighth Amendment violation when the official is deliberately indifferent to a substantial risk of serious harm to an inmate from violence perpetrated by other inmates. *Id.* To state a claim for relief, the inmate must show: (1) that he is incarcerated under conditions which pose a serious risk of harm; and (2) that the official acted with a sufficiently culpable state of mind with regard to the inmate's health or safety. *Id.* The failure to segregate violent inmates from non-violent inmates has been held to constitute "deliberate indifference" where there is a pervasive risk of harm or where the victim belonged to an identifiable group of prisoners for whom risk of assault is a serious problem. *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996); *Marsh v. Arn*, 937 F.2d 1056, 1061 (6th Cir. 1991) (overruled on other grounds by *Farmer, supra*). In this case, Plaintiff alleges he was placed in a cell with a rival gang member. Assuming the truth of that allegation, Plaintiff has pled sufficient facts to plausibly suggest he was incarcerated under conditions which posed an objectively serious risk to his safety. The Court must next determine whether each of the defendants acted with a subjectively culpable state of mind.

The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-303. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. "Deliberate indifference" is a state of mind similar to criminal recklessness: "'the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) (quoting *Farmer*, 511 U.S. at 837).

(4:14CV1779)

Plaintiff does not allege facts to suggest that TCI Warden LaRose or ODRC Director Mohr were aware of the potential danger to Plaintiff and consciously disregarded this risk. He states only that they approved the cell move. He does not allege that either of these Defendants knew Plaintiff was a member of a gang, knew that Tinsley was a member of a gang, knew that the gangs were rivals, and purposefully disregarded the substantial risk their placement together would cause for both inmates. Plaintiff's allegation that they merely approved of the cell move or failed to disapprove of the cell move is insufficient to establish the subjective criteria of an Eighth Amendment claim against these Defendants.

Plaintiff's claim against Sergeant Rehgetti is more troublesome. He states he told her he did not get along with Tinsley or any other inmates on the bottom range and asked to be moved to the top range on cell block 15 east. Plaintiff alleges she refused to accommodate the request and told him that he could always fight with his cellmate to get a cell move. He states in the Complaint (ECF No. 1) that Tinsley was a member of a rival gang, but he does not indicate whether he conveyed that information to Rehgetti. Plaintiff alleges he told her that he and Tinsley did not get along with each other, but he indicates he also told her he did not get along with any of the inmates on the bottom range. To satisfy the basic pleading requirements of Fed. R. Civ. P. 8, Plaintiff need only allege enough facts to state a claim which is plausible on its face. While Plaintiff's Eighth Amendment claim against Rehgetti could be better articulated, it arguably meets the basic federal notice pleading requirements of Rule 8; and it, therefore, survives summary dismissal under 28 U.S.C. § 1915(e).

(4:14CV1779)

## IV. Conclusion

Accordingly, Plaintiff's claims against TCI Warden LaRose and ODRC Director Mohr are dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case shall proceed solely on Plaintiff's Eighth Amendment claim against TCI Sergeant Rehgetti. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon Defendant Rehgetti.

    IT IS SO ORDERED.

| | |
|---|---|
|  April 30, 2015 |   /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |