UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE ROANE, | ) | CASE NO. 4:14CV1779 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| CHRISTOPHER J. LAROSE, et al., | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| | ) | |
| Defendants. | ) | |

This matter is before the undersigned[1] for resolution of the following motions: a motion for appointment of counsel filed by Plaintiff Terrance Roane ("Plaintiff")(ECF Dkt. #12); three motions for default judgment filed by Plaintiff (ECF Dkt. #s 13, 16, 20); and a motion to dismiss Plaintiff's complaint filed by Defendant Beverly Reghetti, the only remaining Defendant in the case ("Defendant"). ECF Dkt. #18. For the following reasons, the undersigned recommends that the Court GRANT Defendant's motion to dismiss (ECF Dkt. #18) and dismiss Plaintiff's complaint in its entirety without prejudice because he has failed to exhaust his administrative remedies. Consequently, the undersigned further recommends that the Court DENY AS MOOT Plaintiff's motion for the appointment of counsel (ECF Dkt. #12) and his three motions for default judgment (ECF Dkt. #s 13, 16, 20).

**I.    FACTS AND PROCEDURAL HISTORY**

On July 11, 2014, Plaintiff, a prisoner currently incarcerated at the Ohio State Penitentiary,

---

[1]On April 30, 2015, Judge Pearson referred this matter to the undersigned for general pretrial supervision. ECF Dkt. #11.

executed a complaint that was filed in this Court on August 14, 2014 against Defendants Christopher LaRose, Warden of the Trumbull Correctional Institution ("TCI"), TCI Sergeant Beverly Rehgetti, and Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"). ECF Dkt. #1. Plaintiff averred that in April of 2014 while he was housed at TCI, Defendant Rehgetti told him he was moving into a cell with a known rival gang member Tinsley ("Tinsley") even though he expressed his concern for his safety. *Id.* at 3. Plaintiff alleged that Defendant Rehgetti stated to him that if he did not like it, he and Tinsley could "crash out," implying that they could fight to get out of the cell. *Id*. Plaintiff averred that thereafter, the two gangs got into a fight and after the fight, he was placed back into the cell with Tinsely and Tinsley assaulted him by biting and striking him repeatedly and striking him with a combination lock. *Id.* at 4. Plaintiff alleged that Defendants Larose and Mohr approved the cell move. *Id*. He requested damages in the amount of $250,000.00. *Id.* at 5.

On April 30, 2015, Judge Pearson issued a Memorandum Opinion and Order in which she granted Plaintiff's motion to amend his complaint in which he sought to clarify Defendant Rehgetti's name as identified in his original complaint. ECF Dkt. #9 at 1. The Court also dismissed Defendants LaRose and Mohr pursuant to 28 U.S.C. § 1915(e), finding that Plaintiff had failed to plead sufficient facts to plausibly suggest that Defendants LaRose and Mohr were aware of the potential danger to Plaintiff and consciously disregarded that risk. *Id*. at 2-6. The Court explained that Plaintiff failed to allege that either Defendant knew Plaintiff was a gang member, knew that Tinsley was a rival gang member, that the gangs were rivals, and purposefully disregarded the substantial risk that placing them together would cause for Plaintiff. *Id*. at 6. The Court held that Plaintiff's averment that Defendants LaRose and Mohnr merely approved the cell move was insufficient to establish the subjective criteria of an Eighth Amendment claim against them. *Id*. However, the Court held that Plaintiff did allege sufficient facts to state a claim against Defendant Rehgetti. *Id*. Accordingly, the Court dismissed Plaintiff's complaint against Defendants LaRose and Mohr, but directed the Clerk's Office to provide the appropriate documents to the U.S. Marshal Service for service of process upon Defendant Rehgetti. *Id*. at 7.

On April 30, 2015, the Clerk's Office issued the proper documents to the U.S. Marshal Service for service upon Defendant Rehgetti. ECF Dkt. #10. On the same date, Judge Pearson referred the instant case to the undersigned for general pretrial supervision. ECF Dkt. #11.

On May 15, 2015, Plaintiff filed the instant motion for the appointment of counsel. ECF Dkt. #12. On May 28, 2015, Plaintiff filed his first motion for default judgment. ECF Dkt. #13. On June 1, 2015, Defendant Rehgetti filed a response to the motion for default judgment and moved the Court to dismiss Plaintiff's complaint for insufficient service of process. ECF Dkt. #14. On June 11, 2015, Plaintiff filed his second motion for default judgment. ECF Dkt. #16. On June 12, 2015, Plaintiff filed a response to Defendant's motion to dismiss that was contained in Defendant's response to the motion for default judgment. ECF Dkt. #17. On June 15, 2015, Defendant Rehgetti filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and included within the motion a response to Plaintiff's motion for default judgment. ECF Dkt. #18. On June 29, 2015, Plaintiff filed a third motion for default and included a response to Defendants' motion to dismiss. ECF Dkt. #20. On July 9, 2015, Defendant Rehgetti filed a response to the third motion for default judgment and a reply to Plaintiff's response to her motion to dismiss. ECF Dkt. #21.

## II. STANDARD OF REVIEW

In scrutinizing a complaint under Rule 12(b)(6), this Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir.2007). Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). And, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

### III. LAW AND ANALYSIS

Under the Prison Litigation Reform Act of 1995, a prisoner may not bring a federal action related to prison conditions "until such administrative procedures as are available are exhausted." 42 U.S.C. § 1997e(a). A grievant must undertake all steps of the prison's grievance process in order for his grievance to be considered fully exhausted. *Jones Bey v. Johnson*, 407 F.3d 801, 803 n.2 (6th Cir. 2005) rev'd on other grounds, *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007). The PLRA requires "proper exhaustion," meaning that a prisoner must "'complete the administrative review process in accordance with the applicable procedural rules,' . . . [as] defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 199. A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit "is an affirmative defense under the PLRA[.] . . . [I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." *Bock*, 549 U.S. at 216. Instead, the failure to exhaust "must be established by the defendants." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Accordingly, Defendant Rehgetti in this case bears the burden of proving that Plaintiff did not exhaust his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012), quoting *Risher v. Lappin*, 639 F.3d 236, 239 (6th Cir. 2011). In shouldering this burden, Defendant Rehgetti points to Plaintiff's own complaint in order to show that he failed to exhaust the prisoner grievance procedure before filing the instant lawsuit. ECF Dkt. #18 at 5-6. She points to that part of the complaint form which asked if Plaintiff had presented the facts relating to his complaint in the state prisoner grievance procedure. *Id*.

Defendant Rehgetti is correct. On his complaint form, Plaintiff checked "YES" as to whether a prisoner grievance procedure exists at TCI and he checked "YES" when asked whether he presented the facts relating to his complaint in the state prisoner grievance procedure. ECF Dkt. #1 at 2. When asked what steps he had undertaken concerning the grievance procedure, Plaintiff wrote: "I filled out a[n] informal complaint to the Unit Manager and a grievance to the inspector." *Id*. When asked what the result was, Plaintiff wrote: "I was told my allegation would be investigated but no one got back to me." *Id.*

Defendant Rehgetti outlines the prison grievance procedure applicable under Section 5120-9-31(K)(1) of the Ohio Administrative Code which provides the following:

> K) The inmate grievance procedure shall be comprised of three consecutive steps fully described below. This procedure is designed to address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant, including complaints regarding policies, procedures, conditions of confinement or the actions of institutional staff. Whenever feasible, inmate complaints should be resolved at the lowest step possible. Informal complaints and grievances must contain specific information; dates, times, places, the event giving rise to the complaint and, if applicable, the name or names of personnel involved and the name or names of any witnesses. Specificity of the complaint provides institutional staff the opportunity to investigate the complaint and to take corrective action to address a valid complaint. In the event an inmate does not know the identity of the personnel involved, a John/Jane Doe complaint may be filed. However, the complaint shall be specific as to dates, times, places, physical descriptions of any unidentified personnel and the actions of said personnel giving rise to the complaint. Grievance appeals shall contain a clear, concise statement explaining the basis for the appeal.
>
>> (1) The filing of an informal complaint - step one:
>>
>> Within fourteen calendar days of the date of the event giving rise to the complaint, the inmate shall file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint. Staff shall respond in writing within seven calendar days of receipt of the informal complaint. If the inmate has not received a written response from the staff member within a reasonable time, the inmate should immediately contact the inspector of institutional services either in writing or during regular open office hours. The inspector of institutional services shall take prompt action to ensure that a written response is provided to the informal complaint within four calendar days. If a response is not provided by the end of the fourth day, the informal complaint step is automatically waived. Informal complaint responses should reflect an understanding of the inmate's complaint, be responsive to the issue, cite any relevant departmental or institutional rules or policies and specify the action taken, if any. The inspector of institutional services shall monitor staff compliance with the informal complaint process. Any pattern of non-compliance by staff shall be reported to the warden for appropriate action. The filing of an informal complaint may be waived if it is determined by the inspector of institutional services that there is a substantial risk of physical injury to the grievant, the complaint is filed pursuant to rule 5120-9-03 or 5120-9-04 of the Administrative Code, paragraph (H) of this rule, or for other good cause.
>>
>> (2) The filing of the notification of grievance - step two:
>>
>> If the inmate is dissatisfied with the informal complaint response, or the informal complaint process has been waived, the inmate may obtain a notification of grievance form from the inspector of institutional services. All inmate grievances must be filed by the inmate no later than fourteen calendar days from the date of the informal complaint response or waiver of the informal complaint step. The inspector of institutional services may also waive the timeframe for the filing of the notification of grievance, for good

> cause. The inspector of institutional services shall provide a written response to the grievance within fourteen calendar days of receipt. The written response shall summarize the inmate's complaint, describe what steps were taken to investigate the complaint and the inspector of institutional service's findings and decision. The inspector of institutional services may extend the time in which to respond, for good cause, with notice to the inmate. The chief inspector or designee shall be notified of all extensions. Any extension exceeding twenty-eight calendar days from the date the response was due must be approved by the chief inspector or designee. Expedited responses shall be made to those grievances that, as determined by the inspector of institutional services, present a substantial risk of physical injury to the grievant or for other good cause.
>
> (3) The filing of an appeal of the disposition of grievance - step three:
>
> If the inmate is dissatisfied with the disposition of grievance, the inmate may request an appeal form from the inspector of institutional services. The appeal must then be filed to the office of the chief inspector within fourteen calendar days of the date of the disposition of grievance. For good cause the chief inspector or designee(s) may waive such time limits. The chief inspector or designee(s) shall provide a written response within thirty calendar days of receipt of the appeal. The chief inspector or designee(s) may extend the time in which to respond for good cause, with notice to the inmate. The decision of the chief inspector or designee is final. Grievance appeals concerning medical diagnosis or a specific course of treatment shall be investigated and responded to by a health care professional.

Ohio Admin. Code 5120-9-31(K). Citing to Plaintiff's complaint form, Defendant Rehgetti asserts that Plaintiff did not complete the prison's grievance procedure because he filed an informal complaint to his unit manager and a grievance to the inspector of institutional services, but took no further action after he was told that his allegation would be investigated and no one responded. ECF Dkt. #18 at 5-6, citing ECF Dkt. #1 at 2.

The undersigned recommends that the Court GRANT Defendant Rehgetti's motion to dismiss based upon Plaintiff's failure to exhaust the prison grievance procedure. ECF Dkt. #18. It appears that Plaintiff completed the first step of the procedure as he stated in his complaint that he filed an informal complaint to his unit manager. ECF Dkt. #1 at 2. Although Plaintiff states in his complaint form that he was told that his allegation was being investigated, he does not clarify whether he received a written response and he fails to clarify who informed him that his complaint would be investigated. *Id.* However, since Plaintiff also indicated that he filed a grievance with the inspector which is the second step of the prison grievance process, he either received no response from the unit manager resulting in a waiver of the informal grievance process, *see* Ohio Admin.

Code 5120-9-31(K)(1), or it was the unit manager who informed him that his allegations would be investigated which did not satisfy him so he filed a grievance with the inspector. *See* Ohio Admin. 5120-9-31(K)(2). With the filing of a grievance to the inspector, Plaintiff completed his part of the second step of the grievance procedure. *Id.* This step also requires the inspector to give a written response to the grievance within fourteen calendar days of receiving the grievance and requires that the written response summarize the inmate's complaint, describe the steps taken to investigate the complaint, and to set forth the inspector's findings and decision. *Id.* Plaintiff does not indicate whether he received such a response as he merely indicates that he was told that his allegation was being investigated, but he does not identify who informed him of this.

Regardless, Plaintiff did not complete the third and final step of the grievance procedure as he does not indicate that he filed an appeal of the disposition of his grievance to the office of the chief inspector. Step Three requires Plaintiff to request an appeal form from the inspector of institutional services and file the appeal with the office of the chief inspector within fourteen calendar days of the date of the disposition of grievance. Ohio Admin. Code 5120-9-31(K)(3). The chief inspector's decision, which must be provided to the inmate within thirty calendar days unless good cause exists for an extension, is the final decision from which an inmate may appeal to this Court. *Id.*

In his June 29, 2015 motion for default judgment and response to Defendants' motion to dismiss, Plaintiff admits that he did not complete the prison grievance procedure as he stated that he believed in good faith that he had exhausted all of his administrative remedies and he has very little knowledge of the law. ECF Dkt. #20 at 2. However, a plaintiff's failure to exhaust prison grievance procedures cannot be excused by his ignorance of the law or of the grievance procedures. *See Napier*, 636 F.3d at 221-222 n.2 ("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy.").

For these reasons, the undersigned recommends that the Court find that Plaintiff has failed to exhaust his administrative remedies. Consequently, the undersigned recommends that the Court GRANT Defendants' motion to dismiss Plaintiff's complaint without prejudice for his failure to exhaust the prison grievance procedures (ECF Dkt. #18). The undersigned further recommends that

as a result of granting Defendants' motion to dismiss, the Court DENY Plaintiff's three motions for default judgment (ECF Dkt. #s 13, 16, 20) and DENY Plaintiff's motion for the appointment of counsel (ECF Dkt. #12). The undersigned also consequently recommends that the Court DENY Defendant Rehgetti's motion to dismiss Plaintiff's lawsuit for insufficient service of process. ECF Dkt. #14.

## IV.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT Defendant Rehgetti's motion to dismiss Plaintiff's complaint based upon his failure to exhaust prison grievance procedures (ECF Dkt. #18) and DISMISS WITHOUT PREJUDICE Plaintiff's complaint. Consequently, the undersigned also recommends that the Court DENY AS MOOT Plaintiff's three motions for default judgment (ECF Dkt. #s 13, 16, 20) and his motion for the appointment of counsel (ECF Dkt. #12). The undersigned also consequently recommends that the Court deny Defendant Rehgetti's motion to dismiss Plaintiff's lawsuit for insufficient service of process. ECF Dkt. #14.

Dated: July 22, 2015    */s/ George J. Limbert*
    GEORGE J. LIMBERT
    UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).