PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE ROANE, | ) | |
| | ) | CASE NO.  4:14CV1779 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CHRISTOPHER J. LAROSE, *et al.*, | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 12, 13, 14, 16, 18, |
| Defendants. | ) | and 20] |

*Pro Se* Plaintiff Terrance Roane, currently an inmate at the Southern Ohio Correctional Facility,[1] filed this action under 42 U.S.C. § 1983 against Trumbull Correctional Institution ("TCI") Warden Christopher J. LaRose, TCI Sergeant B. Reghetti,[2] and Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr.  Plaintiff's claims against TCI Warden LaRose and ODRC Director Mohr were dismissed pursuant to 28 U.S.C. §1915(e).  The case was allowed to proceed solely on Plaintiff's Eighth Amendment claim against Sergeant Reghetti.  *See* Memorandum of Opinion and Order (ECF No. 9).

On April 30, 2015, the case was referred by the undersigned to Magistrate Judge

---

[1]According to the Ohio Department of Rehabilitation and Correction website (http://www.drc.ohio.gov/OffenderSearch/ (last visited March 18, 2016)), Plaintiff is currently housed at the Southern Ohio Correctional Facility.

[2]  Defendant's name is spelled as "Rehgetti" in the Complaint (ECF No. 1), Plaintiff's Motion for Leave to Amend Complaint (ECF No. 4), and The State of Ohio's Motion to Dismiss (ECF No. 14).

(4:14CV1779)

George J. Limbert for general pretrial supervision pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), which authorized him to file with the Court a report containing proposed findings and a recommendation for disposition of case-dispositive motions.  *See* Order of Reference (ECF No. 11).

> After the following motions were filed and served,
>
> Plaintiff's Motion for Appointment of Counsel (ECF No. 12),
>
> Plaintiff's Motions for Default Judgment (ECF No. 13, 16, and 20),
>
> The State of Ohio o/b/o TCI Sergeant Beverly Reghetti's Motion to Dismiss for Insufficient Service of Process (ECF No. 14), and
>
> Defendant TCI Sergeant Beverly Reghetti's Motion to Dismiss (ECF No. 18),

the magistrate judge submitted a Report and Recommendation (ECF No. 22) recommending that the Court grant Sergeant Reghetti's Motion to Dismiss (ECF No. 18) and dismiss the Complaint (ECF No. 1) against her without prejudice because Plaintiff has failed to exhaust his administrative remedies.  Furthermore, the magistrate judge recommends that the Court deny as moot Plaintiff's Motion for Appointment of Counsel (ECF No. 12) and his three (3) Motions for Default Judgment (ECF No. 13, 16, and 20).  Finally, the magistrate judge recommends that the Court deny The State of Ohio's Motion to Dismiss for Insufficient Service of Process (ECF No. 14).  Plaintiff filed timely Objections to the Magistrate Judge's Report (ECF No. 23).  The Court, after reviewing the objections, hereby adopts the Report in part and returns the matter to the magistrate judge for further proceedings.

2

(4:14CV1779)

## I.  Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's Report and Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Plaintiff has properly objected.

## II.  Law & Analysis

### A.  Exhaustion of Administrative Remedies

Section 1997e of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Although prisoners "are not required to specially plead or demonstrate exhaustion in their complaints," *Jones v. Bock*, 549 U.S. 199, 216 (2007), "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court," *id.* at 211.  In a claim by a prisoner, failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants.  *Id.* at 204.

3

(4:14CV1779)

In Ohio, prisoners must follow a three-step grievance procedure.  *See* Ohio Admin. Code 5120-9-31(K).  Plaintiff alleges he satisfied steps one and two of the grievance procedure:  "I filled out [an] informal complaint to the Unit Manager and a grievance to the inspector.  I was told my allegation would be investigated[,] but no one got back to me."  ECF No. 1 at PageID #: 2, § II.C.  Plaintiff now objects that "TCI's institutional inspector never responded to the Grievance sent by Plaintiff.  So[,] there was no way for Plaintiff to respond with any appeal (step 3) of [the] grievance procedure.  Because Plaintiff never got a response from the inspector for Plaintiff to appeal."  Objections (ECF No. 23) at PageID #:99.

In *Troche v. Crabtree*, --- F.3d ----, No. 15-3258, 2016 WL 736312 (6th Cir. Feb. 25, 2016), a case decided after the Report and Recommendation (ECF No. 22) was filed in the case at bar, the Court of Appeals for the Sixth Circuit stated:

> Under Ohio Admin. Code 5120-9-31(K)(1), an inmate is statutorily authorized to proceed to step two of Ohio's grievance procedure if he does not receive a response to his informal complaint within a "reasonable time."  However, such authorization is not granted to inmates who fail to receive a response to a notification of grievance form at step two of the grievance procedure.  *See* Ohio Admin. Code 5120-9-31(K)(2).  Although step two of the grievance procedure requires the [inspector of institutional services ("IIS")] to "provide a written response to the grievance within fourteen calendar days of receipt," it imparts no authorization to proceed to step three of the grievance procedure to inmates who never receive a response.  *Id.*  Moreover, the fact that step one instructs inmates to proceed to step two after a "reasonable time," but step two does not, suggests that inmates are foreclosed from proceeding to step three until they receive a response to their step two grievance. . . .  In the end, it cannot be said that an inmate did not exhaust his administrative remedies because he failed to do something not specified, outlined, or required by his prison's grievance procedure.

*Id.* at *5.  The court in *Troche* went on to state "[w]hen pro se inmates are required to follow agency procedures to the letter in order to preserve their federal claims, we see no reason to

4

(4:14CV1779)

exempt the agency from similar compliance with its own rules." 2016 WL 736312, at *6 (quoting *Risher v. Lappin*, 639 F.3d 236, 241 (6th Cir. 2011)).

Sergeant Reghetti has not established that Plaintiff failed to exhaust administrative remedies.  The Court cannot find based on the current record that Plaintiff was required to file a step three appeal to comply with the PLRA's requirement that he exhaust his administrative remedies prior to bringing the within § 1983 civil action.  *See id.*  Therefore, the Court declines to follow the recommendation in the Report that Plaintiff has failed to exhaust his administrative remedies.  ECF No. 22 at PageID #: 91; 97.

### B. Motion for Appointment of Counsel

Appointment of counsel in a civil case is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  It "is a privilege that is justified only by exceptional circumstances."  *Id.* at 606; *see also Johnson v. City of Wakefield*, 483 Fed. Appx. 256, 260 (6th Cir. 2012).  In considering whether "exceptional circumstances" exist, courts have considered the plaintiff's ability to represent himself, the chance of success of plaintiff's claims, and the complexity of the case.  *Lavado*, 992 F.2d at 606; *see also Johnson*, 483 Fed.Appx. at 260.

Section 1915(e)(1), 28 U.S.C. states that "[t]he court may request an attorney to represent any person unable to afford counsel."  *See Brubaker v. Barrett*, 801 F. Supp.2d 743, 763 (E.D. Tenn. 2011) (noting that 28 U.S.C. § 1915(e) makes clear that courts may request counsel for any person, including plaintiffs and defendants).

LR 83.10 allows a judicial officer to appoint pro bono counsel to represent a *pro se*

5

(4:14CV1779)

litigant in some situations.  It provides:

> At the discretion of the judicial officer, counsel may be assigned to represent a pro se litigant in a civil case pursuant to the Court's Pro Bono Civil Case Protocol. (See Appendix J.)  *Assignment of counsel is not a right of a pro se litigant but may be utilized in those limited cases where the judicial officer believes such an assignment is warranted.*  Pursuant to the Protocol, a judicial officer may instruct the Clerk's Office to select counsel with experience in the subject matter of the case from the list of attorneys who have volunteered to provide Pro Bono services. The Court will reimburse assigned counsel, pursuant to the Pro Bono Civil Case Protocol, for certain expenses incurred in providing representation up to $1,500. (Emphasis added.)

Given the seriousness of Plaintiff's allegations, the Court will exercise its discretion to appoint legal counsel in the instant case.  *See Johnson v. Shaker Heights*, No. 1:06CV2680, 2007 WL 781316, at *4 (N.D. Ohio March 12, 2007) (Polster, J.); *Manley v. Lower*, 4:13CV2177, slip op. at 2 (N.D. Ohio May 12, 2014) (Pearson, J.); *Peace v. Mohr*, No. 4:12CV2283, slip op. at 27-28 (N.D. Ohio April 29, 2013) (Pearson, J.).

### III.  Conclusion

Defendant TCI Sergeant Beverly Reghetti's Motion to Dismiss (ECF No. 18) is denied. Plaintiff's Motion for Appointment of Counsel (ECF No. 12) is granted.  Plaintiff's three Motions for Default Judgment (ECF No. 13, 16, and 20) are denied as moot.  The State of Ohio o/b/o TCI Sergeant Beverly Reghetti's Motion to Dismiss for Insufficient Service of Process (ECF No. 14) is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

The case is returned to the magistrate judge for further proceedings.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Terrance Roane, #632561, Southern Ohio Correctional Facility, P.O. Box 45699,

(4:14CV1779)

1724 St. Rt. 728, Lucasville, Ohio 45699, and to initiate proceedings for the appointment of

counsel.


      IT IS SO ORDERED.


  March 24, 2016                          */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                            United States District Judge