UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE ROANE, | ) | CASE NO. 4:14CV1779 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| CHRISTOPHER J. LAROSE, et al., | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| | ) | |
| Defendants. | ) | |

This matter is before the undersigned upon the Honorable Judge Pearson's Memorandum Opinion and Order declining to adopt the undersigned's Report and Recommendation to grant a motion by Beverly Reghetti ("Defendant"), the only remaining defendant in the case, to dismiss Plaintiff Terrance Roane's ("Plaintiff") complaint. ECF Dkt. #24 and 3/24/2016 docket entry. Judge Pearson returned the case to the undersigned for further proceedings. *Id.* On June 21, 2016, Defendant filed the instant motion for summary judgment in this case. ECF Dkt. #33.

For the following reasons, the undersigned recommends that the Court GRANT Defendant's motion for summary judgment and dismiss Plaintiff's complaint in its entirety with prejudice. ECF Dkt. #33.

**I.      FACTS AND PROCEDURAL HISTORY**

On July 11, 2014, Plaintiff was incarcerated[1] at the Ohio State Penitentiary and he executed a complaint that was filed in this Court on August 14, 2014 against Christopher LaRose, Warden of the Trumbull Correctional Institution ("TCI"), Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), and Defendant. ECF Dkt. #1. Plaintiff averred that

---

[1] As more fully explained below, it appears that Plaintiff was released from prison on August 12, 2016 under the Ohio Adult Parole Authority and is now a Violator at Large. *See* http://odrc.drc.gov/OffenderSearch. The docket reflects an address that appears to be a residential address and not the address of the Ohio State Penitentiary or Lorain Correctional Institution, Plaintiff's prior locations. In a letter notifying Plaintiff that he was withdrawing as counsel, counsel addressed the letter to a Blacklick, Ohio address, which is also the address that the docket reflects. ECF Dkt. #36-1. Plaintiff never filed a change of address with this Court.

while he was housed at TCI in April of 2014, Defendant told him he was moving into a cell with a known rival gang member Tinsley ("Tinsley") even though he expressed his concern for his safety. *Id.* at 3. Plaintiff alleged that Defendant told him that if he did not like it, he and Tinsley could "crash out," meaning that they could fight to get out of the cell. *Id*. Plaintiff alleged that the two rival gangs got into a fight and after the fight, he was placed back into the cell with Tinsely and Tinsley assaulted him by biting and striking him repeatedly and striking him with a combination lock. *Id.* at 4. He requested damages in the amount of $250,000.00. *Id.* at 5.

On April 30, 2015, Judge Pearson issued a Memorandum Opinion and Order in which she granted Plaintiff's motion to amend his complaint in which he sought to clarify Defendant's name as identified in his original complaint. ECF Dkt. #9 at 1. The Court also dismissed the other defendants but held that Plaintiff alleged sufficient facts to state a claim against Defendant. *Id*.

On March 24, 2016, Judge Pearson issued a Memorandum Opinion and Order adopting in part and denying in part the undersigned's Report and Recommendation as to motions filed by Plaintiff and a motion to dismiss filed by Defendant. ECF Dkt. #24. The Court overruled the undersigned's recommendation that she deny Defendant's motion to dismiss Plaintiff's complaint based upon his failure to exhaust his administrative remedies. *Id.*

In denying the undersigned's recommendation, the Court conducted a de novo review and found, based upon the Sixth Circuit case of *Troche v. Crabtree*, 814 F.3d 795 (6th Cir. Feb. 25, 2016), a case decided after the undersigned's Report and Recommendation, that Plaintiff was not required to file a Step Three appeal in order to comply with the Prison Litigation Reform Act of 1995's exhaustion requirement. ECF Dkt. #24 at 4. In *Troche*, the Sixth Circuit reviewed the three-step prison grievance procedure outlined in the Ohio Administrative Code ("OAC") 5120-9-31(K)(1) and held that a prisoner is not required to file a step three appeal of the prison's grievance procedure when he never received a response from his Step Two appeal because the language in the OAC5120-9-31(K)(1) describing the steps required for exhaustion does not specify, outline or require that a prisoner proceed to Step Three when he has not received a response at Step Two. *Id.* at *5. Based upon *Troche*, the Court overruled the undersigned's recommendation to grant Defendant's motion to dismiss Plaintiff's complaint due to his failure to exhaust administrative

-2-

procedures, finding no evidence in the record that Plaintiff was required to file a Step Three appeal of the prison grievance procedure. ECF Dkt. #24 at 5.

A copy of the Court's Memorandum Opinion and order was mailed to Plaintiff on March 24, 2016. The Court thereafter appointed an attorney for Plaintiff as pro bono counsel. ECF Dkt. #25. On April 29, 2016, the undersigned held a telephonic case management conference with Plaintiff's appointed attorney participating and counsel for Defendant. *See* 4/29/2016 docket entry. Defendant filed an answer to Plaintiff's complaint on May 27, 2016. ECF Dkt. #32.

On June 21, 2016, Defendant filed the instant motion for summary judgment, asserting again that Plaintiff failed to exhaust his administrative remedies. ECF Dkt. #33. On July 20, 2016, counsel for Plaintiff filed a motion for an extension of time within which to respond to the motion for summary judgment, requesting until August 18, 2016 in which to respond. ECF Dkt. #34. Counsel explained that he needed additional time to investigate the facts and consult with Plaintiff. *Id*. The undersigned granted the motion on the same day. *See* 7/20/2016 docket entry. On August 16, 2016, counsel for Plaintiff filed another motion for an extension of time to respond to the motion for summary judgment, requesting until September 8, 2016 in which to respond. ECF Dkt. #35. Counsel again explained that he needed additional time in which to investigate the relevant facts and consult with Plaintiff. *Id.* The undersigned granted the motion and extended the time within which Plaintiff had to respond to September 8, 2016. *See* 8/16/2016 docket entry.

On September 6, 2016, counsel for Plaintiff filed a motion to withdraw as Plaintiff's counsel. ECF Dkt. #36. In his motion, counsel explained that in the past several weeks, Plaintiff had stopped communicating with him and failed to attend a scheduled meeting with counsel in Columbus, Ohio on August 15, 2016. *Id*. at 1. Counsel attached a copy of a letter that he sent to Plaintiff explaining that he was going to request that the Court allow him to withdraw as counsel because Plaintiff had failed to communicate with him and meet him on August 15, 2016 as scheduled. ECF Dkt. #36-1. Counsel also filed a motion for an extension of time, requesting that the Court give Plaintiff an additional period of time within which to respond to the motion for summary judgment since counsel was requesting to withdraw. ECF Dkt. #37. The undersigned granted the motion for extension of

time and ordered Plaintiff to file his response to the motion for summary judgment no later than September 22, 2016 as requested. *See* 9/6/2016 docket entry.

The undersigned notes that counsel for Plaintiff sent his withdrawal letter to Plaintiff at a residential address in Blacklick, Ohio. ECF Dkt. #36-1. In addition, the docket reflects that same address for Plaintiff. The undersigned checked the ODRC's website under Plaintiff's name and former prison identification number and it states that Plaintiff was released from prison on August 12, 2016. *See* http://odrc.drc.gov/OffenderSearch. The website further indicates that Plaintiff is a violator at large from the supervision of the Ohio Adult Parole Authority. *Id.*

There has been no response to Defendant's motion for summary judgment.

## II. STANDARD OF REVIEW

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;
>
> or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Upon filing a motion for summary judgment, the moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the nonmoving party's claim. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (internal citation omitted); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 & n. 12 (6th Cir. 1989). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the moving party relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In response, if the moving party establishes the absence of a genuine issue of material fact, in order to defeat summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal citation omitted). In this regard, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," but rather, "Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379–80 (6th Cir. 2007) (internal citation omitted); *see also Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008) (internal citation omitted). Moreover, the non-moving party must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–587; see also *Barr v. Lafon*, 538 F.3d 554, 574 (6th Cir. 2008).

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor of the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87; *see also Anderson*, 477 U.S. at 252.

### III.     LAW AND ANALYSIS

Under the Prison Litigation Reform Act of 1995, a prisoner may not bring a federal action related to prison conditions "until such administrative procedures as are available are exhausted." 42 U.S.C. § 1997e(a). A grievant must undertake all steps of the prison's grievance process in order for his grievance to be considered fully exhausted. *Jones Bey v. Johnson*, 407 F.3d 801, 803 n.2 (6th Cir. 2005) rev'd on other grounds, *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007). The PLRA requires "proper exhaustion," meaning that a prisoner must "'complete the administrative review process in accordance with the applicable procedural rules,' . . . [as] defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 199. A prisoner's failure to exhaust his

-5-

intra-prison administrative remedies prior to filing suit "is an affirmative defense under the PLRA[.] . . . [I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." *Bock*, 549 U.S. at 216. Instead, the failure to exhaust "must be established by the defendants." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Accordingly, Defendant in this case bears the burden of proving that Plaintiff did not exhaust his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012), quoting *Risher v. Lappin*, 639 F.3d 236, 239 (6th Cir. 2011). Defendant outlines the three-step prison grievance procedure applicable under Section 5120-9-31(K)(1) of the OAC and asserts that while Plaintiff indicated in his complaint and objection to the Report and Recommendation that he satisfied Step Two of the procedure, Plaintiff did not satisfy Step Two. ECF Dkt. #33 at 5. Defendant attaches a copy of the Inmate Grievance Procedure outlined in the Handbook received by all inmates, including Plaintiff. ECF Dkt. 33-2 at 1-5. The relevant part of the Inmate Grievance Procedure corresponds to the relevant portions of OAC 5120–9-31(K):

### V. Using the Grievance Procedure

(1.) The filing of an informal Complaint - **Step 1**:

> Within fourteen calendar days of the date of the event giving rise to the complaint, the inmate shall file an informal complaint to the direct supervisor of the staff member or department most directly responsible for the particular subject matter of the complaint. Staff shall respond in writing within seven (7) calendar days of receipt of the informal complaint.
>
> If the inmate has not received a written response from the staff member within a reasonable time, the inmate should immediately contact the inspector of institutional services either in writing or during regular open office hours.
>
> The inspector of institutional services shall take prompt action to ensure that a written response is provided to the informal complaint within four (4) calendar days. If a response is not provided by the end of the fourth day, the informal complaint step is automatically waived. Informal complaint responses should reflect an understanding of the inmate's complaint, be responsive to the issue, cite any relevant departmental or institutional rules or policies, and specify the action taken, if any.
>
> The inspector of institutional services shall monitor staff compliance with the informal complaint process. Any pattern of non-compliance by staff shall be reported to the warden for appropriate action. The filing of an informal complaint may be waived if it is determined by the inspector of institutional services that there is a substantial risk of physical injury to the grievant. [sic]

> The complaint is filed pursuant to rule 5120-9-03 or 5120-9-04 of the Administrative Code, paragraph (H) of this rule, or for other good cause.
>
> (2.) The filing of the notification of grievance - **Step 2**:
>
> If the inmate is dissatisfied with the informal complaint response, or the informal complaint process has been waived, the inmate may obtain a notification of grievance form from the inspector of institutional services. All inmate grievances must be filed by the inmate no later than fourteen (14) calendar days from the date of the informal complaint response or waiver of the informal complaint step. The inspector of institutional services may also waive the time frame for the filing of the notification of grievance, for good cause.
>
> The inspector of institutional services shall provide a written response to the grievance within fourteen (14) calendar days of receipt. The written response shall summarize the inmate's complaint, describe what steps were taken to investigate the complaint and the Inspector of Institutional Service's findings and decision.
>
> The inspector of institutional services may extend the time in which to respond, for good cause, with notice to the inmate. The chief inspector or designee shall be notified of all extensions. Any extension exceeding 28 calendar days from the date the response was due must be approved by the chief inspector or designee.
>
> Expedited responses shall be made to those grievances that, as determined by the inspector of institutional services, present a substantial risk of physical injury to the grievant or for other good cause.

ECF Dkt. #33-2 at 5-6.

Defendant also attaches a Declaration of Marc Bratton, an Assistant Chief Inspector in the Office of the Chief Inspector for the ODRC. ECF Dkt. #33-1 at 1. Mr. Bratton indicates in his Declaration that part of his duties include monitoring the application and disposition of the inmate grievance procedure throughout all ODRC institutions. *Id.* He explains that he is the custodian of the records of the appeals from inmates and direct grievances, which are indexed by the name and number of the inmate who pursued the grievance. *Id.* He declares that he reviewed the records of Plaintiff and Plaintiff did not file any appeals or direct grievances with the Chief Inspector's Office and he attaches a list of Plaintiff's grievances to his Declaration. *Id.* He notes that the list shows that Plaintiff filed two Informal Complaint Resolutions as to the instant claim and no other documents were submitted regarding this claim. *Id.* at 2.

Thus, Defendant asserts that she is entitled to summary judgment because no genuine issue of material fact exists that Plaintiff failed to exhaust the Inmate Grievance Procedure at Step Two and he has thus not exhausted his administrative remedies as required under the PLRA.

The undersigned recommends that the Court GRANT Defendant's motion for summary judgment based upon Plaintiff's failure to satisfy Step Two of the Inmate Grievance Procedure. ECF Dkt. #33. Both parties agree that Plaintiff completed the first step of the procedure. Plaintiff stated in his complaint that he filed an informal complaint. ECF Dkt. #1. Defendant attached the Declaration of Mr. Bratton, who indicated that Plaintiff filed two Informal Complaint Resolutions relating to the instant claim and Mr. Bratton attached the list of Plaintiff's grievance history which confirms those filings. ECF Dkt. #33-1 at 1-6. Also attached to Defendant's motion for summary judgment are copies of Plaintiff's two related Informal Complaint Resolutions. ECF Dkt. #33-1 at 5-6.

As to satisfying Step Two, the undersigned recommends that the Court find that Defendant has established that Plaintiff has not filed a Step Two Grievance as she has attached Mr. Bratton's Declaration confirming so and Mr. Bratton has attached a copy of Plaintiff's grievance history list which confirms that Plaintiff filed only Informal Complaint Resolutions concerning the claim that is the subject of the instant complaint. ECF Dkt. #33-1 at 1-6. The grievance history list shows that the only filings by Plaintiff concerning his stay at TCI were Informal Complaint Resolutions, except for one which concerned his disagreement regarding a medical diagnosis or treatment. *Id.* at 4. While Plaintiff indicated in his complaint and in his objections to the undersigned's Report and Recommendation that he filed a grievance with the institutional inspector, he must do more than rely on his pleadings in order to meet his reciprocal burden on summary judgment. ECF Dkt. #1 at 2; Rule 56(e). He has not done so.

Moreover, even considering Plaintiff's statement in his complaint and in his objections to the Report and Recommendation, there is doubt as to whether he filed a Step Two grievance. The Civil Rights Complaint Form that Plaintiff completed asked him to describe the result that he received from the steps that he took in the inmate grievance procedure and he responded that "I was told my allegation would be investigated but no one got back to me." ECF Dkt. #1 at 2. Defendant

has attached the document in which Plaintiff received a response that his complaint would be investigated. ECF Dkt. #33-1 at 5. It was not a Step Two grievance and it was not a response from the institutional inspector, which is the second step of the prison grievance process. Rather, it was an Informal Complaint Resolution that he sent to his unit manager and the unit manager responded that Plaintiff's allegations would be investigated. *Id.* Plaintiff has not provided any evidence to the contrary establishing a genuine issue of material fact that he submitted a Notification of Grievance to the institutional inspector, which is Step Two of the Inmate Grievance Procedure.

Further, in his objections to the undersigned's Report and Recommendation, Plaintiff stated that he did not deny the allegations by Defendant that he failed to exhaust his administrative remedies. ECF Dkt. #23 at 1. However, he requested that the Court consider that when he filed his Informal Complaint Resolution to the unit manager, he was told that his complaint would be investigated and the unit manager never got back in touch with him. *Id*. Plaintiff indicated that when he did not hear from the unit manager, he requested a Grievance form from the institutional inspector, but "T.C.I.'s institutional inspector never responded to the Grievance sent by Plaintiff," so he could not proceed to Step Three of the Inmate Grievance Procedure. *Id*. As explained above, Defendant's evidence from Mr. Bratton and Plaintiff's grievance history establish that no Step Two grievance was filed. Plaintiff has filed no response to the motion for summary judgment and therefore points to no evidence establishing a genuine issue of material fact that he filed a Step Two grievance.

While the Sixth Circuit held in *Troche* that an inmate's failure to file a Step Three appeal did not result in a failure to exhaust administrative remedies under the PLRA and thus a § 1983 action is not precluded, the Court held that an inmate "is statutorily authorized to proceed to step two of Ohio's grievance procedure if he does not receive a response to his informal complaint within a 'reasonable time.'" *Troche*, 814 F.3d at 800. In the instant case, Plaintiff presents no support for a finding that he proceeded to Step Two and filed a Step Two grievance. If Plaintiff was dissatisfied with the unit manager's response that he would investigate or time had passed when he should have heard further from the unit manager, Plaintiff was required to proceed to Step Two within a "reasonable time."   There is no evidence that he did so.

-9-

In finding that an inmate was statutorily authorized to proceed to Step Two if he did not receive a response to his informal complaint within a reasonable time, the Sixth Circuit in *Troche* agreed with the district court that Troche's declaration which he had attached to his response to the motion for summary judgment sufficiently created a factual dispute as to whether he satisfied the first two steps of the grievance procedure. In the present case, Plaintiff has filed no response to the motion for summary judgment and therefore he has pointed to no evidence creating a genuine issue of material fact as to whether he filed a Step Two grievance or failed to receive a response from the institutional inspector to any Step Two grievance that he filed.

Since Plaintiff has not gone beyond the pleadings to establish a genuine issue of material fact that he satisfied Step Two of the Inmate Grievance Procedure, the undersigned recommends that the Court GRANT summary judgment in Defendant's favor and find that Plaintiff has failed to exhaust his administrative remedies. ECF Dkt. #33.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT Defendant's motion for summary judgment and dismiss Plaintiff's complaint in its entirety based upon his failure to exhaust his administrative remedies. ECF Dkt. #33.

Dated: October 12, 2016                  */s/ George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).