PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE ROANE, | ) | |
| | ) | CASE NO. 4:14CV1779 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CHRISTOPHER J. LAROSE, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 33 and 39] |

*Pro Se* Plaintiff Terrance Roane[1] filed this action under 42 U.S.C. § 1983 against Trumbull Correctional Institution ("TCI") Warden Christopher J. LaRose, TCI Sergeant Beverly Reghetti,[2] and Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr. Plaintiff's claims against TCI Warden LaRose and ODRC Director Mohr were dismissed pursuant to 28 U.S.C. §1915(e). The case was allowed to proceed solely on Plaintiff's Eighth Amendment claim against Sergeant Reghetti. *See* Memorandum of Opinion and Order (ECF No. 9).

On April 30, 2015 and in March 2016, the case was referred by the undersigned to Magistrate Judge George J. Limbert for general pretrial supervision pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), which authorized him to file with the Court a report containing

---

[1] According to the Ohio Department of Rehabilitation and Correction website (http://odrc.drc.ohio.gov/OffenderSearch/ (last visited November 2, 2016)), Plaintiff was declared a parole violator at large on August 12, 2016.

[2] Defendant's name is spelled as "Rehgetti" in the Complaint (ECF No. 1) and Plaintiff's Motion for Leave to Amend Complaint (ECF No. 4).

(4:14CV1779)

proposed findings and a recommendation for disposition of case-dispositive motions. *See* Order of Reference (ECF No. 11); Non-document Order dated March 24, 2016.

On June 21, 2016, Sergeant Reghetti filed and served a Motion for Summary Judgment (ECF No. 33). She moves the Court for summary judgment pursuant to Fed. R. Civ. P. 56 because no factual dispute remains to be determined regarding whether Plaintiff fully exhausted his administrative remedies.

After Defendant's Motion was filed, the Magistrate Judge submitted a Report and Recommendation (ECF No. 38) recommending that the Court grant Defendant's motion and dismiss the Complaint (ECF No. 1) in its entirety with prejudice based upon Plaintiff's failure to satisfy Step Two of the Inmate Grievance Procedure. ECF No. 38 at PageID #: 177; 184.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the Magistrate Judge's Report were, therefore, due on October 31, 2016.[3] Neither party has filed objections, evidencing satisfaction with the Magistrate Judge's recommendation. Any further review by the Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

---

[3] Under Fed. R. Civ. P. 6(d), three days must be added to the fourteen-day time period because the Magistrate Judge's Report was served upon Plaintiff and counsel for Sergeant Reghetti by operation of the Court's electronic filing system. *See* Electronic Filing Policies and Procedures Manual (July 20, 2015) at 6. October 29, 2016 was a Saturday. According to Fed. R. Civ. P. 6(a) (1)(C), in computing time, the court should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, the objections were due on Monday, October 31, 2016.

(4:14CV1779)

Accordingly, the Report and Recommendation (ECF No. 38) is hereby adopted.

Defendant's Motion for Summary Judgment (ECF No. 33) is granted without opposition.[4] Plaintiff's Eighth Amendment claim against Sergeant Reghetti is dismissed with prejudice.

Defendant's Motion to Excuse the Attendance of Parties or a Party Representative With Settlement Authority at the Case Management Conference and to Permit Counsel to Attend Via Telephone (ECF No. 39) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


  November 2, 2016                        /s/ Benita Y. Pearson
Date                                      Benita Y. Pearson
                                          United States District Judge

---

[4] It is the law of the Sixth Circuit that Fed. R. Civ. P. 56 requires a court, even where a motion for summary judgment is unopposed, to determine that the moving party has established a right to relief as a matter of law and that no genuine issue of material fact exists before the court can award summary judgment. *Donlin v. Watkins*, 814 F.2d 273, 277 (6th Cir. 1987); *Kendall v. Hoover Co.*, 751 F.2d 171, 173-74 (6th Cir. 1984).